Ryan C. Nerney (CBN 297373)
Tully Rinckey, PLLC
999 Corporate Drive, Suite 100
Ladera Ranch, CA 92694
(619) 357-7600
(619) 357-7616
rnerney@fedattorney.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
CIVIL DIVISION

| | |
|---|---|
| **MISOOK AHN**<br><br>       Plaintiff,<br><br>vs.<br><br>**HON. CHRISTINE E. WORMUTH,**<br>**Secretary of the Army,**<br>**Department of the Army,**<br><br>       Defendant. | Case No.: 3:23-cv-114<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>Date: January 10, 2023 |

COMPLAINT

# COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATION OF TITLE VII

Plaintiff Misook Ahn (hereinafter "Plaintiff"), by her undersigned counsel, hereby brings this action against Christine E. Wormuth, as Secretary of the Department of Army, Defendant, and for her causes of action asserts as follows:

## NATURE OF ACTION

1. This is an action pursuant to 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), to cease the ongoing discrimination, harassment, and retaliation, and for other relief as stated. The jurisdiction of this Court is invoked to secure protection of and redress for the deprivation of rights guaranteed by federal laws, which rights provide for injunctive and other relief for illegal discrimination and retaliation in employment.

2. Defendant discriminated against Plaintiff on the basis of reprisal for her protected activities by participating in the Equal Employment Opportunity ("EEO") process during the relevant time period and created a hostile work environment with respect to the retaliation she suffered.

## PARTIES

3. Plaintiff is currently domiciled in Marina, County of Monterey, California, and a resident of the State of California.

4. At all times relevant, Plaintiff was a full-time employee of the Department of the Army, Defense Language Institute Foreign Language Center ("DLIFLC"), within the definition of "employee" of Title VII.

5. Defendant, Secretary Christine E. Wormuth, is being sued in his official capacity as the Secretary of the Department of the Army. The Department of the Army was and is a branch

of the armed forces for the U.S. federal government under the Department of Defense and has a location in Monterey, California.

6. The principal place of business of Defendant at all times mentioned in this complaint is and was Washington, D.C.

7. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants, and employees, while acting within the course and scope of its employment, under the theory of *Respondeat Superior*.

## JURISDICTION AND VENUE

8. This Honorable Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331; and 42 U.S.C. §§ 2000e-5(f)(3) and 2000e-16(d). The Court's original jurisdiction is also invoked under 28 U.S.C. § 1332(a)(2) as Plaintiff is a resident of California, and the principal place of business of defendant Department of the Army is in Washington, D.C., and the amount in controversy exceeds $75,000.

9. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391, in that the events giving rise to the claims in this action arose in this judicial district. The Northern District of California is the judicial district where the unlawful employment practice is alleged to have been committed, the employment records relevant to such practice are maintained and administered, and where Plaintiff would have worked but for the alleged unlawful employment practice.

## INTRADISTRICT ASSIGNMENT

10. This action arises in the County of Monterey, in that a substantial part of the events or omissions which give rise to the claims occurred in Monterey County. Under Local Rule 3-2(d),

all actions that arise in Monterey County, other than exceptions that do not apply to this case, shall be assigned to the San Jose Division.

**COMPLIANCE WITH THE JURISDICTIONAL REQUIREMENTS OF FEDERAL EMPLOYMENT DISCRIMINATION CLAIMS**

11. All conditions precedent to jurisdiction under the federal discrimination statues have been complied with in that Plaintiff timely contacted an Equal Employment Opportunity counselor within forty-five (45) calendar days of the alleged discriminatory actions. Plaintiff alleged that Defendant violated her rights under federal employment laws and, specifically, under Title VII of the Civil Rights Act.

12. Plaintiff was issued a Notice of Right to File a Discrimination Complaint by the Defendant through correspondence dated November 20, 2019.

13. Thereafter, Plaintiff timely filed a formal EEO complaint of discrimination, docketed under Defendant's Case Number ARPOM19OCT04161, on December 4, 2019.

14. Plaintiff filed amendments to the formal EEO complaint on March 24, 2020.

15. On October 13, 2020, Plaintiff timely requested a hearing and the assignment of an Equal Employment Opportunity Commission ("EEOC") Administrative Judge.

16. Plaintiff voluntarily withdrew her EEOC hearing request and requested the issuance of a Final Agency Decision on August 12, 2022.

17. The Final Agency Decision, dated October 11, 2022, was served upon the Plaintiff on October 12, 2022, along with a Notice of Right to Sue.

18. Plaintiff timely files the Complaint herein within ninety (90) days of receipt of the Final Agency Decision pursuant to 29 C.F.R. § 1614.407 and 42 U.S.C. § 2000e-16(c).

## STATEMENT OF FACTS

19. Plaintiff hereby incorporates herein all allegations contained in the preceding paragraphs, as if fully set forth herein.

20. Plaintiff has been employed with the Defendant since on or about May 10, 2004.

21. Plaintiff is an Associate Professor, AD-1701-01, at the Department of the Army, Defense Language Institute, Foreign Language Center ("DLIFLC").

22. Plaintiff holds a Doctoral Degree in Education in Curriculum and Teaching.

23. Plaintiff holds a Masters Degree in Education in Curriculum and Teaching.

24. Plaintiff holds a Masters Degree in Linguistics in Applied Linguistics.

25. Plaintiff holds a Bachelors Degree in English Language and Literature.

26. Plaintiff has knowledge of the French language, and taught at the Extension Program Language Training Detachment ("LTD") and is native in the Korean language.

27. Plaintiff has extensive experience and knowledge of multiple government-wide agencies, including the Department of the Army.

28. Plaintiff has familiarity with dispersed training detachments and oversight of multiple educational campuses, such as coordinating classes, instructor exchanges, and faculty training.

29. Plaintiff previously served at the Director of Osan, Korea, LTD, where she maintained a leadership and supervisory position where she supervised faculty; coordinated programs to support host agency language requirements; was responsible for resizing of the LTD site, and implemented a blended Korean language course; among several other accomplishments.

30. Plaintiff engaged in prior protected EEO activities. Plaintiff filed EEO complaints on or about August 7, 2017 (ARPOM17AUG02974) (informal), alleging discrimination based on sex, and September 4, 2017 (formal), alleging discrimination based on sex and reprisal.

31. On or about May 24, 2018, Defendant, by and through Steven Collins ("Mr. Collins"), Chief of Staff, issued a Letter of Endorsement for Plaintiff, recommending Plaintiff for a wide variety of faculty leadership positions. Mr. Collins recommended to Plaintiff that she apply for a position of Dean for Asian School II.

32. On or about May 31, 2018, Plaintiff and the Defendant entered into a Negotiated Settlement Agreement to resolve, among other things, Plaintiff's then-pending EEO complaint (ARPOM17AUG02974).

33. Subsequent to the aforementioned Settlement Agreement, Plaintiff accepted the position of Curriculum Program Manager in Monterey, California, effective on October 1, 2018; thereby transferring from her prior position of Director of Osan, Korea, LTD. Plaintiff currently serves in the position of Curriculum Program Manager in Monterey, California.

34. On or about May 31, 2018, after Mr. Collins offered Plaintiff to apply for the position, Plaintiff applied for a position of Dean for Asian School II with the Defendant. Plaintiff was not selected.

35. On June 18, 2018, Mr. Collins issued another Letter of Endorsement for Plaintiff, recommending her for a wide variety of faculty leadership positions and noted Plaintiff's many accomplishments as a faculty member and leader. The Letter of Endorsement further recommended Plaintiff for rank advancement due to her tremendous knowledge and being highly competitive. Shortly after receipt of this Letter of Endorsement, Plaintiff applied for rank advancement of Professor.

36. On or about September 14, 2018, Plaintiff applied for a position of Dean at the Multi-Language School with the Defendant. Plaintiff was not selected.

37. On or about November 17, 2018, Plaintiff applied for a position of Dean of Field Support with the Defendant. Plaintiff was not selected.

38. On or about May 2, 2019, Plaintiff was not selected for the rank advancement to the rank of Professor.

39. On or about May 23, 2019, Plaintiff filed a timely request for reconsideration of the Defendant's decision not to select Plaintiff for rank advancement to the rank of Professor.

40. On or about June 3, 2019, Plaintiff applied for a position of Assistant Provost UGE with the Defendant. Plaintiff was not selected.

41. On or about July 30, 2019, Plaintiff applied for a position of Program Manager Language Proficiency Assessment Directorate LPAD with the Defendant. Plaintiff was not selected.

42. On or about September 12, 2019, the Defendant issued a denial of Plaintiff's appeal for rank advancement to the position of Professor.

43. On or about October 7, 2019, Plaintiff applied for a position of DLI Educational Research Analyst with the Defendant. Plaintiff was not selected.

44. On October 25, 2019, Plaintiff engaged in protected EEO activity in commencing an informal EEO complaint against the Defendant on the basis of retaliation for her prior EEO activity (ARPOM17AUG02974) when she was not selected for various positions and denied rank advancement to Professor.

45. On or about November 19, 2019, Plaintiff applied for a position of DLI Registrar with the Defendant.

46. On or about November 19, 2019, Plaintiff applied for a position of DLI Dean of Middle East School I with the Defendant.

47. On or about December 4, 2019, Plaintiff filed a formal EEO complaint of (ARPOM19OCT04161) against the Defendant on the basis of retaliation for her prior EEO activity (ARPOM17AUG02974) when she was not selected for various positions and denied rank advancement to Professor.

48. On or about February 18, 2020, Plaintiff was not selected for the Director of Osan LTD with the Defendant, which was the same position she previously held prior to being Curriculum Program Manager.

49. On or about February 18, 2020, Plaintiff was not selected for the DLI Registrar.

50. On or about February 20, 2020, Plaintiff's supervisory duties and responsibilities were removed from her leadership position of Curriculum Program Manager, without prior notice and without any legitimate basis.

51. On or about March 3, 2020, Plaintiff was not selected for a position as Dean of Middle East School I.

52. On March 27, 2020, Plaintiff filed an amended formal EEO complaint to include the additional non-selections and having her supervisory duties and responsibilities removed from her leadership position of Curriculum Program Manager.

53. On October 13, 2020, Plaintiff timely requested a hearing and the assignment of an EEOC Administrative Judge.

54. Plaintiff voluntarily withdrew her EEOC hearing request and requested the issuance of a Final Agency Decision on August 12, 2022.

55. The Final Agency Decision was served on October 12, 2022, along with a Notice of Right to Sue.

### CAUSES OF ACTION

### COUNT I
**(Discrimination on the basis of reprisal (former EEO Complaint) in violation of Title VII)**

56. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

57. Pursuant to Title VII, it is unlawful to retaliate against an individual for making or supporting a complaint of discrimination. Title VII prohibits retaliation in employment and protected employees engaging in such protected activities. 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 2000e-16(a).

58. Plaintiff is a member of a protected class as she repeatedly participated in the protected EEO process and opposed actions she believed constituted violations of Title VII.

59. As a government agency, the Defendant must comply with Title VII.

60. Defendant engaged in a continuing pattern and practice of retaliation against Plaintiff in violation of Title VII and failed to take any remedial action.

61. Plaintiff engaged in protected EEO activities by filing complaints on or about August 7, 2017 and September 4, 2017, against the Defendant. These complaints were settled on or about May 31, 2018.

62. Plaintiff engaged in further EEO activities by filing complaints on or about October 25, 2019, December 4, 2019, and March 24, 2020.

63. Plaintiff was subject to retaliation due to her protected EEO activities in the form of denial of promotions or selections for various positions for which she was qualified, in addition to be denied rank advancement to Professor.

64. Defendant's failure to promote or select Plaintiff for the positions of Dean for Asian School II on or about May 31, 2018, Dean at the Multilanguage School on or about September 14, 2018, Dean of Field Support on or about November 17, 2018, Professor on or about May 2, 2019, Assistant Provost of Undergraduate Education on or about June 3, 2019, Program Manager Language Proficiency Assessment Directorate on or about July 30, 2019, Educational Research Analyst on or about October 7, 2019, DLI Registrar on or about November 19, 2019, Dean of Middle East School I on or about November 19, 2019, and Director of Osan LTD, on or about February 18, 2020, are adverse actions that are retaliatory.

65. Defendant's denial of Plaintiff's rank advancement on September 12, 2019, in addition to its denial of Plaintiff's appeals or reconsiderations on May 2, 2019, are adverse actions that are retaliatory.

66. Defendant's removal of Plaintiff's supervisory duties and responsibilities from her leadership position as Curriculum Program Manager, without any prior notice or a legitimate basis on or about February 20, 2020, are adverse actions that are retaliatory.

67. Defendant's aforementioned actions towards Plaintiff are adverse employment actions because a reasonable employee, such as Plaintiff, would have found the actions materially adverse, which might have dissuaded a reasonable worker from making or supporting a charge or complaint of discrimination.

68. The aforementioned adverse employment actions and the incidents identified in this Complaint demonstrate that Defendant was motivated by retaliatory animus toward Plaintiff and

COMPLAINT – Page 9

there is a causal connection between the adverse employment actions and Plaintiff's protected activity.

69. The foregoing actions by Defendant constitute retaliation against the Plaintiff because of her EEO activity and infringe on her exercise and enjoyment of her right to be free from unlawful and retaliatory employment practices, in violation of Title VII.

70. For all the foregoing reasons, during Plaintiff's employment with Defendant, Defendant has and continues to retaliate against Plaintiff with respect to the terms, conditions, and privileges of employment because of Plaintiff's protected EEO activities in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

71. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: humiliation, pain and suffering, emotional distress, medical costs and treatment, and other financial losses.

72. By reason of Defendant's retaliation, Plaintiff is entitled to all legal and equitable remedies available for violations of Title VII, including back pay, front pay, and compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiff for the economic loss, physical and psychological injury, humiliation, embarrassment, and mental and emotional distress, prejudgment interest, attorneys' fees, expenses, costs, and costs of the action.

73. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants, and employees, while acting within the course and scope of its employment, under the theory of *Respondeat Superior*.

74. As a result of Defendant's retaliation in violation of Title VII, Plaintiff has been damaged in an amount to be determined by a jury at the time of trial.

# COUNT II

**(Hostile Work Environment on the basis of reprisal (EEO activities) in violation of Title VII)**

75. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

76. Pursuant to Title VII, it is unlawful to retaliate against an individual for making or supporting a complaint of discrimination. Title VII prohibits retaliation in employment and protected employees engaging in such protected activities. 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 2000e-16(a).

77. Plaintiff is a member of a protected class as she repeatedly participated in the protected EEO process and opposed actions she believed constituted violations of Title VII.

78. As a government agency, the Defendant must comply with Title VII.

79. Defendant engaged in a continuing pattern and practice of retaliatory hostile work environment harassment against Plaintiff in violation of Title VII and failed to take any prompt and remedial action.

80. Plaintiff engaged in protected EEO activities by filing complaints on or about August 7, 2017 and September 4, 2017, against the Defendant. The complaints were settled on or about May 31, 2018.

81. Plaintiff engaged in further EEO activities by filing complaints on or about October 25, 2019, December 4, 2019, and March 24, 2020.

82. Plaintiff was subject to hostile work environment in the form of denial of promotions or selections for various positions for which she was qualified, including rank advancement to Professor.

83. Defendant's failure to promote or select Plaintiff for the positions of Dean for Asian School II on or about May 31, 2018, Dean at the Multilanguage School on or about September 14, 2018, Dean of Field Support on or about November 17, 2018, Professor on or about May 2, 2019, Assistant Provost of Undergraduate Education on or about June 3, 2019, Program Manager Language Proficiency Assessment Directorate on or about July 30, 2019, Educational Research Analyst on or about October 7, 2019, DLI Registrar on or about November 19, 2019, Dean of Middle East School I on or about November 19, 2019, and Director of Osan LTD, on or about February 18, 2020 are adverse actions that altered the terms and conditions of Plaintiff's employment.

84. Defendant's denial of Plaintiff's rank advancement on September 12, 2019, in addition to its denial of Plaintiff's appeals or reconsiderations on May 2, 2019, are adverse actions that altered the terms and conditions of Plaintiff's employment.

85. Defendant's removal of Plaintiff's supervisory duties and responsibilities from her leadership position of Curriculum Program Manager, without any prior notice or a legitimate basis on or about February 20, 2020, was also an adverse action that altered the terms and conditions of Plaintiff's employment.

86. Defendant's aforementioned actions towards Plaintiff are adverse employment actions because it altered the terms and conditions of Plaintiff's employment.

87. The aforementioned adverse employment actions and the incidents identified in this Complaint demonstrate that Defendant was motivated by unlawful animus toward Plaintiff and there is a causal connection between the adverse employment actions and Plaintiff's protected activity.

88. For all the foregoing reasons, during Plaintiff's employment with Defendant, Defendant has and continues to create a hostile work environment against Plaintiff because of Plaintiff's protected EEO activities in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

89. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: humiliation, pain and suffering, emotional distress, medical costs and treatment, and other financial losses.

90. By reason of Defendant's retaliation, Plaintiff is entitled to all legal and equitable remedies available for violations of Title VII, including back pay, front pay, and compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiff for the economic loss, physical and psychological injury, humiliation, embarrassment, and mental and emotional distress, prejudgment interest, attorneys' fees, expenses, costs, and costs of the action.

91. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants, and employees, while acting within the course and scope of its employment, under the theory of *Respondeat Superior*.

92. As a result of Defendant's hostile work environment in violation of Title VII, Plaintiff has been damaged in an amount to be determined by a jury at the time of trial.

## **PRAYER FOR RELIEF**

93. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

94. As a result of the actions alleged herein, the continued employment of the supervisors at issue hearing without training in equal employment opportunity law, rules, and regulations, presents clear and present dangers to the employees of Defendant and the Plaintiff

herself, and could result in further illegal actions on the part of the Defendant, by and through its agents, servants, and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Enter judgment that Defendant's failure to promote or select Plaintiff for positions constitutes a violation of the foregoing statutes;

b. Grant Plaintiff a permanent injunction enjoining Defendant, their agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

c. Grant Plaintiff a rank advancement of Professor;

d. Award Plaintiff a position, retroactive to the date of non-selection;

e. Award Plaintiff lost wages, value of lost benefits, pre-judgment interest, post judgment interest, and other monetary losses caused by Defendant's failure to promote or select Plaintiff for positions;

f. Award Plaintiff emotional distress damages, out-of-pocket expenses, and any and all other pecuniary and non-pecuniary compensatory damages caused by Defendant's unlawful conduct as set forth herein;

g. Award Plaintiff attorneys' fees, costs, and disbursements in this action;

h. Award Plaintiff prejudgment interest; and

i. Grant Plaintiff such other relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure, trial by jury on all issues is demanded.

Dated: January 10, 2023

        MISOOK AHN
        By her Attorneys:

        _____
        _ Ryan C. Nerney (CBN 297373)
        Tully Rinckey, PLLC
        999 Corporate Drive, Suite 100
        Ladera Ranch, CA 92694
        (619) 357-7600
        (619) 357-7616
        rnerney@fedattorney.com
        Attorneys for Plaintiff