UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISOOK AHN,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTINE E. WORMUTH, et al.,<br><br>    Defendants. | Case No. 23-cv-00114-SI<br><br>**ORDER ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Before the Court is defendant's motion to dismiss the complaint. Dkt. No. 19. Plaintiff opposes. Dkt. No. 28. The motion was heard on Friday, July 7, 2023. For the reasons discussed below, the motion is **GRANTED IN PART** and **DENIED IN PART.**

## BACKGROUND

Plaintiff Misook Ahn has sued the defendant Christine E. Wormuth, Secretary of the Army, for retaliation. Dkt. No. 1. Because this is a motion to dismiss, the Court discusses the background of this case by taking the plaintiff's factual allegations as true.

Plaintiff has worked for the Department of the Army since 2004. *Id.* at ¶20. She is currently an Associate Professor for the Army's Defense Language Institute, Foreign Language Center ("DLIFLC"). *Id.* ¶ 21. Plaintiff alleges the Army discriminated and retaliated against plaintiff by denying her applications to various positions, refusing to advance her rank, and removing her supervisory duties and responsibilities. *Id.* ¶¶ 30–52.

In 2017, while working as Director of Osan, Korea LTD, plaintiff filed an informal Equal Employment Opportunity ("EEO") complaint against defendant ("former EEO complaint"). *Id.* ¶¶ 30, 33. Plaintiff and defendant entered a negotiated settlement agreement in 2018 to resolve the

complaint. *Id.* ¶ 32. Plaintiff accepted a position as Curriculum Program Manager in Monterey, California, and continues to hold that position today. *Id.* 33.

At the end of May 2018, after receiving a letter of endorsement from Chief of Staff Steven Collins, plaintiff applied for a position as Dean for Asian School II. *Id.* ¶¶ 31, 34. She was not selected. *Id.*

On June 18, 2018, Collins issued another letter of endorsement for plaintiff and recommended her for rank advancement. *Id.* ¶ 35. Plaintiff applied for rank advancement of Professor but was not selected on May 2, 2019. *Id.* ¶¶ 35, 38. She filed for reconsideration on May 23, 2019 and was denied on September 12, 2019. *Id.* ¶¶ 39, 42.

Between September 14, 2018, and November 19, 2019, plaintiff applied for positions as Dean at the Multi-Language School, Dean of Field Support, Assistant Provost UGE, Program Manager Language Proficiency Assessment Directorate LPAD, DLI Educational Research Analyst, DLI Registrar, and DLI Dean of Middle East School I. *Id.* ¶¶ 36, 40–41, 43–46. She was not selected for any of these positions. *Id.* ¶¶ 36, 40–41, 43–44, 49, 51.

On October 25, 2019, plaintiff brought an informal EEO complaint against the Army, alleging that the Army was retaliating against plaintiff for her former EEO complaint by denying her positions and rank advancement. *Id.* ¶ 44. She followed up with a formal EEO complaint on December 4, 2019.

On February 18, 2020, plaintiff was not selected for Director of Osan LTD, the position she had held in 2017. *Id.* ¶¶ 29, 48. On February 20, 2020, her "supervisory duties and responsibilities were removed . . . without prior notice and without any legitimate basis." *Id.* ¶ 50. Between February and March 2020, she also learned of her non-selection for DLI Registrar and DLI Dean of Middle East School I. *Id.* ¶¶ 49, 51. Plaintiff filed an amended EEO complaint to include the additional non-selections and removal of supervisory duties and responsibilities. *Id.* ¶ 52.

Plaintiff requested a hearing before an EEOC Administrative Judge but withdrew that request and instead requested a Final Agency Decision. *Id.* ¶¶ 53–54. A Final Agency Decision

was served in October 2022.[1]  *Id.* ¶ 55.

Plaintiff alleges that the non-selection for various positions, denial of rank advancement, and removal of supervisory duties and responsibilities constitute retaliation against plaintiff because of her EEO activity.  *Id.* ¶¶ 56–74.  She brings two claims under Title VII:  one for discrimination on the basis of reprisal, and one for hostile work environment on the basis of reprisal.  *Id.* ¶¶ 56–92.

Defendant moves to dismiss, arguing that (1) plaintiff's claims concerning conduct before September 10, 2019 are time-barred, (2) plaintiff fails to adequately allege a causal link between the adverse action and the protected activity, and (3) plaintiff fails to allege severe or pervasive conduct to state a claim for hostile work environment.  Dkt. No. 19.  In support of the motion to dismiss, defendant seeks judicial notice of two documents.  Dkt. No. 19–1.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.

In deciding whether to grant a motion to dismiss, the Court must assume the plaintiff's allegations are true and must draw all reasonable inferences in her favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Dismissal can be granted with or without leave to amend.  Leave to amend should be granted

---

[1] Plaintiff does not plead the outcome of the final agency decision, except to say that it was served alongside a Notice of Right to Sue.  *See* Dkt. No. 1.

3

unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**DISCUSSION**

**A.   Judicial Notice**

As a preliminary matter, the Court addresses defendant's request for judicial notice of the EEO counselor's report for plaintiff's administrative claim and an order by an Administrative Judge of the Equal Employment Opportunity Commission dismissing Plaintiff's claims that occurred prior to September 10, 2019 as untimely. Dkt. Nos. 19-1 (request for judicial notice), 19-2 (EEO Counselor's Report), 19-3 (ALJ order). Plaintiff does not oppose judicial notice of the records, although she objects to the conclusions defendant seeks to have the Court draw. Dkt. No. 28 at 5.

The request for judicial notice is granted. *See Lacayo v. Donahoe*, 2015 WL 993448, at *9 (N.D. Cal. Mar. 4, 2015) ("In the context of employment discrimination cases in particular, it is well established that courts may consider the administrative record of a plaintiff's claims before the EEOC as judicially noticeable matters of public record.").

**B.   Timeliness of Claims Before September 10, 2019**

Defendant argues plaintiff's complaint is time-barred as to conduct before September 10, 2019 because she did not consult an EEO counselor until October 25, 2019. Dkt. No. 19 at 4–8. Plaintiff argues that the discriminatory acts relate back to her first complaint and that they are continuing violations rather than discrete acts. Dkt. No. 28 at 5–28.

Under 29 C.F.R. § 1614.105(a)(1), a federal employee complaining of discrimination under Title VII must initiate contact with an EEO counselor at her agency within 45 days of the date of the alleged discriminatory conduct. *Green v. Brennan*, 578 U.S. 547, 549–50 (2016). Failure to comply with this regulation is ordinarily "fatal to a federal employee's discrimination claim."[2]

---

[2] This deadline is "an administrative requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002)

4

1   *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002).

2   In *National Railroad Passenger Corp. v. Morgan*, the Supreme Court held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." 536 U.S. 101, 113 (2002). However, when an employee brings a hostile environment claim, a court can consider the "entire scope of [the] claim, including behavior alleged outside the statutory time period . . . so long as an act contributing to that hostile work environment takes place within the statutory period." *Id.* at 105. Thus, whether plaintiff's pre-September 10, 2019 claims are time-barred depends on whether the alleged discrimination consists of a series of discrete acts or a hostile work environment. Here, the claims are based on discrete acts. The Court noted in *Morgan* that "discrete acts are easy to identify" and include "termination, failure to promote, denial of transfer, or refusal to hire." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). All but one of the discriminatory acts alleged in the complaint are failures to promote, which are explicitly recognized as discrete acts under *Morgan*. *Id.*; *see* Dkt. No. 1 ¶¶ 34–41–51. The remaining act, removal of supervisory duties and responsibilities, is also a discrete act. *See* Dkt. No. 1 ¶ 50. As such, the claims are time-barred. *Morgan*, 536 U.S. at 102 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act."); *see also Cherosky v. Henderson*, 330 F.3d 1243, 1246 (9th Cir. 2003) ("*Morgan* makes clear that claims based on discrete acts are only timely where such acts occurred within the limitations period . . . .").

Plaintiff's conclusory assertion that these discrete acts were undertaken as part of a discriminatory pattern or practice is unavailing. *See* Dkt. No. 1 ¶¶ 60, 79. "A discriminatory practice, though it may extend over time and involve a series of related acts, remains divisible into a set of discrete acts, legal action on the basis of each of which must be brought within the statutory limitations period." *Lyons v. England*, 307 F.3d 1092, 1108 (9th Cir. 2002). Both the Supreme Court and the Ninth Circuit have established that "pattern-or-practice claims cannot be based on sporadic discriminatory acts but rather must be based on discriminatory conduct that is widespread

---

(internal quotations omitted) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). However, plaintiff has not pled waiver, estoppel, or equitable tolling; nor has she made any of these arguments in her opposition to defendant's motion. *See* Dkt. Nos. 1, 28.

throughout a company or that is a routine and regular part of the workplace." *Cherosky*, 330 F.3d at 1246–47 (internal quotations omitted) (citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977)). Plaintiff has not alleged facts supporting the type of pervasive policy that would support a pattern-or-practice claim under *Cherosky*.

Plaintiff's claims based on conduct before September 10, 2019 are dismissed.

### C.  Hostile Work Environment

Plaintiff brings a claim for hostile work environment "in the form of denial of promotions or selections for various positions for which she was qualified, including rank advancement to Professor." Dkt. No. 1 ¶¶ 82. To state a claim for hostile work environment based on protected activity, plaintiff must plead that (1) she was "subjected to verbal or physical conduct" because of the protected activity, (2) "the conduct was unwelcome," and (3) "the conduct was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003). As discussed above, in *Morgan* the Supreme Court distinguished between claims for hostile work environment and claims based on "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114– (2002). Plaintiff's hostile work environment claim alleges only discrete acts, namely denial of promotions and removal of supervisory duties. Dkt. No. 1 ¶¶ 75–92. Plaintiff alleges no "verbal or physical conduct" to support her claim. *Id.*; *see Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003). While discrete acts "may be considered for purposes of placing non-discrete acts in the proper context," a hostile work environment claim must "rise to the level of an actionable claim" based on "timely non-discrete acts." *Porter v. California Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir. 2005). Because plaintiff has not alleged *any* non-discrete acts, her hostile work environment claim fails.[3]

Plaintiff's hostile work environment claim is dismissed. Plaintiff is granted leave to amend to include factual allegations that support a claim for hostile work environment.

---

[3] This would be true even if plaintiff's pre-September 10, 2019 allegations were timely exhausted, because each of those allegations concerned a discrete act.

**D.     Retaliation**

This leaves plaintiff's retaliation claim based on alleged conduct after September 10, 2019. To state a claim for retaliation under Title VII, plaintiff must plausibly allege "(1) involvement in protected activity opposing an unlawful employment practice, (2) an adverse employment action, and (3) a causal link between the protected activity and the adverse action." *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006).  Here, plaintiff has alleged adverse employment actions consisting of the September 12, 2019 denial of plaintiff's appeal for rank advancement to the position of professor, the October 7, 2019 non-selection for DLI Educational Research Analyst, the February 18, 2020 non-selection for Director of Osan LTD, the February 18, 2020 non-selection for DLI Registrar, the February 20, 2020 removal of supervisory duties and responsibilities, and the March 3, 2020 non-selection for Dean of Middle East School I.  Dkt. No. 1 ¶¶ 42, 43, 48–51, 64.  She has alleged protected activity consisting of (1) plaintiff's 2017 EEO complaints, which were settled in May 2018, and (2) plaintiff's October 25, 2019 EEO complaint, which she formalized in December 2019 and amended in March 2020.  *Id.* ¶¶ 30, 32–33, 44, 47, 52, 61–62.

Defendant argues this claim should be dismissed because plaintiff has not adequately pled a causal link between the adverse employment actions and the protected activity.  Dkt. No. 19 at 8. Plaintiff argues causality can be inferred based on the proximity in time between her protected activities and the adverse actions.  Dkt. No. 28 at 10–12.

A causal link may be "inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987).  "Causation will only be inferred from timing alone if the proximity is 'very close,' such that the 'adverse employment action follows on the heels of protected activity.' " *Lacayo v. Donahoe*, 2015 WL 3866070, at *12 (N.D. Cal. June 22, 2015) (first quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001), then quoting *Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1065 (9th Cir. 2002)).

Timing alone cannot lead to an inference of retaliation based on the 2017 complaints, which

occurred long before any of the discriminatory acts complained of.[4]  Nor can it be based on the March 2020 amendment of plaintiff's most recent complaint, which came after the alleged adverse actions.  That leaves the October 2019 informal complaint and the December 2019 formal complaint.  The February 18, 2020 non-selection for Director of Osan LTD, the February 18, 2020 non-selection for DLI Registrar, and the February 20, 2020 removal of supervisory duties and responsibilities occurred about two and a half months after plaintiff made her formal complaint on December 4, 2015.[5]  While it is a close question, the Court finds that this time period is sufficiently close to create a causal inference at the pleadings stage.  *See Thomas v. City of Beaverton*, 379 F.3d 802, 812 (9th Cir. 2004) (finding causation could be inferred where adverse action came seven weeks after protected activity); *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (finding causation could be inferred where adverse action came three months after complaint); *Lacayo v. Donahoe*, 2015 WL 3866070, at *12 (N.D. Cal. June 22, 2015) ("Courts have held that a 3–month gap is enough to give rise to a plausible inference of causation at the pleading stage . . . ."); *but see Serlin v. Alexander Dawson Sch., LLC*, 656 F. App'x 853, 856 (9th Cir. 2016) (finding three months between complaint and adverse action insufficient to create inference of causation at summary judgment stage where defendant showed evidence of nondiscriminatory reasons).  Even if the timeline is not on its own enough to support a causal inference, plaintiff offers some additional circumstantial allegations to support the inference that the adverse actions were retaliatory.  Before being denied promotions and having duties stripped, she was recommended for advancement. Dkt. No. 1 at 31, 35.  And one of the positions she was denied was a position she previously held. *Id.* at 48.  At the pleadings stage, this is enough.

---

[4] Even if the Court considers the acts prior to September 10, 2019 as "background evidence" of discriminatory intent, *see Lyons v. England*, 307 F.3d 1092, 1111 (9th Cir. 2002), those acts occurred too long after plaintiff's original complaint to lead to an inference of causation.

[5] Defendant argues that plaintiff has failed to establish whether defendant learned of the complaints after the October informal complaint or the December formal complaint.  However, at the pleadings stage the Court accepts plaintiff's contention that the December complaint plausibly formed the basis for retaliation.

8

**CONCLUSION**

The request for judicial notice is **GRANTED.**

The motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's hostile work environment claim is **DISMISSED**. Plaintiff's retaliation claims based on adverse actions prior to September 10, 2019 are likewise **DISMISSED.** Dismissal is with leave to amend. Plaintiff must amend her complaint no later than **Friday, July 28, 2023**.

With respect to plaintiff's remaining retaliation claims, the motion to dismiss is **DENIED.**

**IT IS SO ORDERED**.

Dated: July 11, 2023

SUSAN ILLSTON
United States District Judge